```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


BARLETTA HEAVY DIVISION, INC.,    )
                                  )
          Plaintiff,              )     CIVIL ACTION NO.
                                  )     12-11193-DPW
v.                                )
                                  )
TRAVELERS INSURANCE COMPANY,      )
                                  )
          Defendant.              )
                                  )
```

## MEMORANDUM
April 17, 2014

In an effort to wrestle this enduringly contentious litigation to finality, I encouraged the parties to stipulate to the relatively modest - but easily ascertainable - damages to which the plaintiff would be entitled in light of the legal rulings I have made in this case. Such a stipulation was provided, but when I entered judgment upon it, the parties sought to assert spurious claims of unresolved issues through the submission of Plaintiff's Motion to Alter and Amend Judgment and Defendant's opposition thereto. Given the parties' pattern of resurrecting contentions, at a hearing on the motion I encouraged a further stipulation designed to emphasize what should have been obvious and incontestable in any event: there was in fact a final judgment from which the plaintiff could appeal and seek greater fees and costs and that the defendant did not recede from its

stipulation as to the limited amount of fees due and owing under the legal principles that I have outlined, principally in my Memorandum and Order in respect to summary judgment, 2013 WL 5697612 (Oct. 25, 2013) ("Summary Judgment Memorandum").

In the Summary Judgment Memorandum, I left open the possibility that Barletta could establish either as a matter of express contract (Count II) or as a matter of the implied covenant of good faith and fair dealing (Count III) the right to the modest fees and expenses incurred prior to the end of November 2007. With the parties' stipulation as to that amount, it appeared to me clear that the judgment should enter as a matter of straight contract on Count II. Since the existence of an express contract claim would supersede the claim of an overlapping implied contractual obligation, I chose not to enter judgment for the plaintiff as to Count III.

With an unwavering eye for the potential to create a controversy where none is necessary, the plaintiff continues to seek to have its modest judgment enter as to both Counts II and III and in the most recent stipulation the defendant appears wearily to have acceded to that result. I decline, however, to indulge the parties further in their posturings. The judgment for plaintiff will enter only as to Count II. The plaintiff is free, of course, to contest the judgment and implicit in that contest is the right to seek some reconfiguration of the final

judgment I have entered.  But the final judgment in this Court should not contain some hostage to the fortunes of further disputes between the parties regarding which of two alternative and mutually exclusive theories I have concluded supports the judgment award to plaintiff.  The Clerk shall enter an amended judgment in the form I have drafted.


                                           ***/s/ Douglas P. Woodlock***
                                           DOUGLAS P. WOODLOCK
                                           UNITED STATES DISTRICT JUDGE